[Cite as *Greathouse v. Hilliard*, 2017-Ohio-2636.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

BRETT GREATHOUSE

    Appellee

    v.

HEATHER HILLIARD

    Appellant

C.A. No.     28265


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    DR-2009-07-2051

DECISION AND JOURNAL ENTRY

Dated: May 3, 2017

---

TEODOSIO, Judge.

{¶1} Appellant, Heather Hilliard, appeals from the judgment entry of the Summit County Court of Common Pleas Domestic Relations Division ruling on objections to the magistrate's decision. This Court affirms in part, reverses in part, and remands.

I.

{¶2} On September 16, 2015, Ms. Hilliard filed a motion that requested modification of Appellee Brett Greathouse's child support obligation. A hearing was conducted on January 6, 2016, and the magistrate entered a decision on January 26, 2016. The decision modified the child support obligation from a zero monthly payment to a monthly obligation of $506.35, and divided the tax dependency exemptions between Mr. Greathouse and Ms. Hilliard. The decision was adopted by the trial court and Mr. Greathouse filed his objections. On May 4, 2016, the trial court filed a judgment entry sustaining Mr. Greathouse's objection to the modification of child

support and setting the child support amount at zero. The entry adopted the division of the tax dependency exemption. Ms. Hilliard now appeals, raising two assignments of error.

II.

ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ERRED IN OVERRULING THE MAGISTRATE'S DECISION WHERE THE UNREBUTTED EVIDENCE ESTABLISHED THAT THE LAST CHILD SUPPORT ORDER ALSO ESTABLISHED FATHER'S PARENTING TIME AS STANDARD ORDER OF PARENTING TIME, AND THAT FATHER DID NOT EXERCISE HIS PARENTING TIME SCHEDULE.

{¶3} Ms. Hilliard argues that that the trial court erred by not considering whether Mr. Greathouse was exercising his scheduled parenting time when it sustained the objection to child support modification. We disagree.

{¶4} "[A] trial court's decision regarding child support obligations falls within the discretion of the trial court and will not be disturbed absent a showing of an abuse of discretion." *Pauly v. Pauly*, 80 Ohio St.3d 386, 390 (1997). An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, (1983). "While the decision to award support is discretionary, an appellate court reviews the factual findings to support that award under a manifest-weight-of-the-evidence standard." *Wallace v. Wallace*, 195 Ohio App.3d 314, 2011-Ohio-4487, ¶ 10 (9th Dist.). Thus, we review "the record to determine whether there is competent, credible evidence to support the trial court's factual findings." *Id*. When conducting our review, we are mindful that the moving party had the burden of proof to show the basis for a modification in this matter. *Sterns v. Sterns*, 9th Dist. Summit No. 27427, 2015–Ohio–3866, ¶ 7.

{¶5} R.C. 3119.79, which controls the modification of child support orders, provides:

(A) If an obligor or obligee under a child support order requests that the court modify the amount of support required to be paid pursuant to the child support

order, the court shall recalculate the amount of support that would be required to be paid under the child support order in accordance with the schedule and applicable worksheet through the line establishing the actual annual obligation. If that amount as recalculated is more than ten per cent greater than or more than ten per cent less than the amount of child support to be paid pursuant to the existing child support order, the deviation from the recalculated amount that would be required to be paid under the schedule and the applicable worksheet shall be considered by the court as a change of circumstances substantial enough to require a modification of the child support amount.

* * *

(C) If the court determines that the amount of child support required to be paid under the child support order should be changed due to a substantial change of circumstances that was not contemplated at the time of the issuance of the original child support order or the last modification of the child support order, the court shall modify the amount of child support be paid under the child support order to comply with the schedule and applicable worksheet throughout the line establishing the actual annual obligation, unless the court determines that the amount calculated pursuant to the basic child support schedule and pursuant to the applicable worksheet would be unjust or inappropriate and would not be in the best interest of the child and enters in the journal the figure, determination, and findings specified in section 3119.22 of the Revised Code.

{¶6}  We have recognized that "[a] party moving for the modification of child support must prove 'a substantial change of circumstances that was not contemplated at the time of the issuance of the original child support order or the last modification of the child support order.'" *Humiston v. Humiston*, 9th Dist. Medina No. 04CA0076–M, 2005–Ohio–4363, ¶ 15, quoting R.C. 3119.79(C).  Where the original child support order resulted from a voluntary agreement by the parties, R.C. 3119.79(A) must be read in conjunction with R.C. 3119.79(C) to determine whether a modification of the order is proper.  *Hill v. Hill,* 9th Dist. Summit No. 27169, 2016-Ohio-910, ¶ 11.  "Accordingly, in a case where the parties have previously agreed to a deviation in the amount of child support, the moving party must prove more than the existence of a ten percent deviation [from the statutory worksheet and schedule] to demonstrate the required substantial change of circumstances."  *Sifferlin v. Sifferlin*, 9th Dist. Summit No. 27169, 2014–

Ohio–5645, ¶ 14.  Additionally, "the moving party must prove that such change of circumstances was not contemplated by the parties when they agreed to the prior deviation." *Id.*

{¶7}    Ms. Hilliard argues that the change in circumstances in the present matter consists of Mr. Greathouse not exercising his parenting time schedule.  Her brief to this Court states: "The unrebutted evidence before the Magistrate establishes that Father was not exercising his parenting time from the previous order, which ordered $0.00 in child support.  Tr. At 3."  The transcript, however, reveals only a statement by Ms. Hilliard's attorney: "An order was filed 8/1/14 which basically gave [Mr. Greathouse] the standard order of companionship which was alternating weekends and one evening during the week.  That has never been exercised."  There is no testimony, sworn or otherwise, from any witness in support of this argument.

{¶8}    It is well established that statements of counsel do not qualify as evidence. *Corporate Exch. Bldgs. IV & V L.P. v. Franklin County Bd. of Revision*, 82 Ohio St.3d 297, 299 (1998).  The record in this this matter is devoid of any testimony that would support Ms. Hilliard's argument that Mr. Greathouse did not exercise his scheduled parenting time.  Because there was no evidence presented with regard to Mr. Greathouse exercising his parenting time, the trial court did not err in not considering the issue.  Ms. Hilliard's first assignment of error is overruled.

ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRED IN GRANTING FATHER A DEPENDENT TAX EXEMPTION WHERE IT DENIED AN ORDER OF CHILD SUPPORT AND THERE WAS NO EVIDENCE AS TO HOW THE CHILDREN WOULD BENEFIT FROM THE ALLOCATION OF THE EXEMPTIONS.

{¶9}    Ms. Hilliard argues the trial court erred in granting Mr. Greathouse the right to claim a child as an exemption for income tax purposes.  We agree.

{¶10} This Court reviews a trial court's allocation of tax dependency exemptions for an abuse of discretion. *Lawrence v. McCraw*, 9th Dist. Medina No. 10CA0079–M, 2011-Ohio-6334, ¶ 14. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, (1983). When applying this standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶11} Pursuant to R.C. 3119.82, "[w]henever a court issues, or whenever it modifies, reviews, or otherwise reconsiders a court child support order, it shall designate which parent may claim the children who are the subject of the court child support order as dependents for federal income tax purposes * * *." When the parents are unable to agree as to the allocation of the exemptions, the court is required to consider "any net tax savings, the relative financial circumstances and needs of the parents and children, the amount of time the children spend with each parent, the eligibility of either or both parents for the federal earned income tax credit or other state or federal tax credit, and any other relevant fact concerning the best interest of the children." R.C. 3119.82.

{¶12} When there is a shared parenting plan, as there is here, "'both parties are, in essence, deemed to be the residential parent, thus the presumption [that the residential parent is entitled to the tax exemption] would not apply.'" *In re B.S.*, 9th Dist. Summit No. 26368, 2013-Ohio-1976, ¶ 22, quoting *Hall v. Hall*, 3d Dist. Hardin No. 6–10–01, 2010-Ohio-4818, ¶ 49. "'[T]he trial court is essentially left to allocate the tax dependency exemption focusing on what is in the best interest of the children, which includes any net tax savings for either of the parents.'" *Id*.

{¶13} This Court has noted that "the plain language of the statute does not require that the trial court state its reasons on the record for awarding the exemption." *Streza v. Streza*, 9th Dist. Lorain No. 05CA008644, 2006–Ohio–1315, at ¶ 12. However, where "there is no evidence in the record, in any form, that supports the trial court's decision to allocate one exemption to each party * * * [and thus] the record reflects that the trial court failed to consider the factors under R .C. 3119.82, * * * it abused its discretion in simply dividing the two exemptions and allocating one exemption to each party." *Id*. at ¶ 13.

{¶14} Although Ms. Hilliard had initially agreed to share the tax dependency exemptions with Mr. Greathouse, she argues that agreement was made with the assumption that she would be receiving child support in return. The transcript of the hearing held before the magistrate on January 6, 2016, indicates that while Ms. Hilliard agreed to split the dependency exemptions, this was done in the context of a discussion where a child support modification was presumed by both parties. In deciding when the division of tax exemptions should begin, a discussion takes place as to whether a child support modification will take place retroactively on the date the motion was filed, or at the first of the year. The trial court's judgment entry further notes that "[t]he parties agreed to split the tax dependency exemption and each claim one of the children on their taxes."

{¶15} While the record reflects the context of the agreement, it does not provide evidence that supports the trial court's decision to allocate one exemption to each party outside of that agreement. When the trial court sustained the objection to the modification of child support, it substantially altered the terms under which the divided tax dependency exemption was agreed upon. Absent an agreement on the allocation of the exemptions, the trial court must consider the factors under R.C. 3119.82. Because there is no evidence to support the trial court's

decision in the record, the record reflects the trial court failed to consider the necessary factors under R.C. 3119.82 and abused its discretion in dividing the two exemptions between the Mr. Greathouse and Ms. Hilliard. *See Streza* at ¶ 12.

{¶16} We note that Mr. Greathouse argues that Ms. Hilliard has waived this argument because she failed to object to the division of exemptions in the magistrates' decision. We do not agree. As stated above, the division of the tax dependency exemptions was agreed upon in the context of the child support modification. The magistrate's decision both modified child support and divided the exemptions pursuant to discussions that took place at the hearing before the magistrate. In that context, Ms. Hilliard did not object to the division of exemptions. It was only upon the trial court sustaining Mr. Greathouse's objection to child support modification that the division became an issue, and Ms. Hilliard has properly appealed the issue to this Court.

{¶17} Ms. Hilliard's second assignment of error is sustained.

### III.

{¶18} Ms. Hilliard's first assignment of error is overruled. The second assignment of error is sustained. The judgment of the Summit County Court of Common Pleas Domestic Relations Division is affirmed in part, reversed in part, and the cause is remanded for further proceedings consistent with this decision.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

LESLIE S. GRASKE, Attorney at Law, for Appellant.

SUSAN PRITCHARD, Attorney at Law, for Appellee.