[Cite as *Seegert v. Seegert*, 2018-Ohio-5119.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| DENISE SEEGERT | C.A. No. 28932 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| TIMOTHY SEEGERT | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. DR-2013-06-1803 |

DECISION AND JOURNAL ENTRY

Dated: December 19, 2018

SCHAFER, Presiding Judge.

{¶1} Defendant-Appellant, Timothy Seegert ("Father"), appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, ruling on Plaintiff-Appellee, Denise Seegert's ("Mother"), objections to the magistrate's decision and modifying Father's child support obligation. For the reasons set forth below, this Court affirms.

I.

{¶2} The parties divorced on April 16, 2015, with two minor children. Following the divorce, Father became aware of a $13,000.00 dental bill for one of the children. Father claimed that Mother was not making payments on the portion of that bill for which she was responsible. Additionally, Father claimed that he was forced to cover far more than his share of the expenses that were supposed to be divided between the parties. Further, Father was able to increase his parenting time with the children beyond the amount anticipated at the time of the divorce decree.

In light of these and certain other factors, Father felt that his child support obligation was excessive and moved the court to modify the amount.

{¶3} After the trial court remanded a prior magistrate decision modifying child support, the parties appeared for a hearing before the magistrate in order to take evidence and determine the issues raised in Father's motions to modify child support. The magistrate modified child support as requested in Father's two motions filed October 26, 2015, and May 25, 2016, respectively. The magistrate calculated the child support obligation for the time periods corresponding to those two motions pursuant to the child support guidelines and applicable worksheets.

{¶4} Father requested a deviation from the monthly support payments calculated pursuant to the child support guidelines, and the magistrate found, "in light of the factors listed in [R.C. ]3119.23, a deviation is appropriate and in the best interest of the children." The magistrate found that the parties share the children equally pursuant to a shared parenting plan, and that "Father pays for clothing, coats, boots, sports equipment and extra-curricular activities for both children." In addition, the magistrate found that Father "is also paying $400 per month on a dental bill mother refused to pay." Accordingly, the magistrate applied a downward deviation and determined that Father should pay $250.00 per month plus a 2% processing fee for both periods.

{¶5} Mother objected to the magistrate's decision, and Father responded in opposition to Mother's objections. The trial court issued the judgment entry ruling on the objections on December 22, 2017. The trial court adopted in part, and rejected in part, the magistrate's decision. Relevant to this appeal are the trial court's rulings sustaining Mother's first and third

objections: eliminating the deviation Father requested and ordering Father to pay child support in the amount calculated pursuant to the child support schedule and applicable worksheet.

{¶6} Father timely appealed this judgment entry and raises a single assignment of error for our review.

II.

**Assignment of Error**

**The trial court erred in overturning the [m]agistrate's [d]ecision, which properly calculated child support and then granted an appropriate deviation due to Father's having equal parenting time and his significant in-kind contributions to the children's support.**

{¶7} In his sole assignment of error, Father argues that the trial court erred in completely rejecting Father's unrebutted evidence justifying an equitable allocation of financial resources for the children. Father contends that he presented sufficient evidence to warrant a deviation from the child support obligation calculated in the child support worksheet.

{¶8} "Generally, the decision to adopt, reject, or modify a magistrate's decision lies within the discretion of the trial court and should not be reversed on appeal absent an abuse of discretion." *Barlow v. Barlow*, 9th Dist. Wayne No. 08CA0055, 2009-Ohio-3788, ¶ 5. The propriety of a trial court's determination regarding child support is reviewed for an abuse of discretion. *Booth v. Booth*, 44 Ohio St.3d 142, 144 (1989). An abuse of discretion is more than merely an error of judgment; it connotes a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). Moreover, when applying an abuse of discretion standard, this Court may not substitute its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

## A. **Magistrate's decision and objection**

**{¶9}** The magistrate granted Father's request to modify child support. Pursuant to Father's October 26, 2015 motion to modify child support, and based upon the child support guidelines, the magistrate calculated Father's support payments to be $641.75 per month plus a 2% processing fee from October 2, 2015[1], through the date Father filed the second motion. Then, from May 25, 2016 forward, Father should pay $587.92 per month plus a 2% processing fee, based upon the child support guidelines.

**{¶10}** Beyond the modification based on the child support guidelines, Father requested a deviation from the monthly support payments calculated pursuant to those guidelines. The magistrate found that the parties share the children equally pursuant to a shared parenting plan. Further, the magistrate found that "Father pays for clothing, coats, boots, sports equipment and extra-curricular activities for both children." In addition, the magistrate found that Father "is also paying $400 per month on a dental bill mother refused to pay." The magistrate concluded, "in light of the factors listed in [R.C. ]3119.23, a deviation is appropriate and in the best interest of the children." The magistrate applied a downward deviation and determined that Father should pay $250.00 per month plus a 2% processing fee for both periods. This resulted in a deviation of $391.75 per month for the period of October 2, 2015, through May 25, 2016, and a deviation of $337.92 per month from May 25, 2016, to the present.

## B. **Trial Court's Decision**

**{¶11}** Mother objected to the magistrate's decision on four bases: (1) the magistrate erred in deviating from child support obligations, (2) the magistrate erred in finding that Father

---

[1] At various points throughout the record, the date attributed to Father's initial motion varies between October 2, 5, and 6 of 2015.

experienced a change in circumstances, (3) the magistrate erred in deciding that Father is paying $400.00 per month on a dental bill that Mother refused to pay, and (4) the magistrate erred in modifying the amount of medical coverage which Mother is required to provide. Upon its independent review pursuant to Civ.R. 53(D)(4)(d), the trial court overruled the second objection, finding that a change in circumstances had occurred warranting a modification of the initial child support order. The trial court sustained Mother's first, third, and fourth objections. The fourth objection—contesting the magistrate's apportionment of medical coverage—is not relevant to this appeal. Thus, we focus on the trial court's ruling on the first and third objections to the extent they are contested in this assignment of error.

{¶12} Regarding Mother's first objection, the trial court noted "[o]ne of the factors that the [magistrate] used for the deviation was [the finding that ] 'Father pays for clothing, coats, boots, sports equipment and [extracurricular] activities.'" The trial court indicated that Mother and Father were ordered to share such expenses. However, the trial court found issue with Father's lack of testimony "as to how much money was spent on the extra items[,]" "whether the money spent was a significant amount of money[,]" and Father's failure to "provide any evidence to the [m]agistrate in the form of receipts to prove how much money was spent for children's clothing or extracurricular[s]." Accordingly, the trial court determined that the magistrate erred by "deviat[ing] down over 50% on a child support order based on [Father]'s bald assertion that he spent funds[,]" and sustained this first objection.

{¶13} The trial court also sustained Mother's third objection to the magistrate's decision, wherein Mother argued that the magistrate erred in deciding that Father is paying $400.00 per month on a dental bill that Mother refused to pay. The trial court observed that, during the hearing before the magistrate, "Mother testified to her numerous efforts to make

payments for the dental bills[,] * * * to make arrangements with the dental company, to dispute bills with the medical providers, and to arrange payments." The trial court indicated that "Mother did not act with malice or attempt to avoid making payments of the bills or refuse to pay." Rather, the trial court concluded, "Mother proposed that if Father were to release her funds from the escrowed house sale, she would be more than happy to pay these bills." Although such facts were not in evidence or in the record before the magistrate, the trial court also stated:

> In fact, following the hearing, both parties submitted a [j]oint [m]otion to the [c]ourt to release the funds. This joint motion was filed on March 13, 2017. The [c]ourt signed off on the [m]otion, and all dental bills are now paid in full.

Based collectively on the above-stated reasons, the trial court determined that the magistrate erred in determining that Father was contributing $400.00 monthly toward the dental bill.

{¶14} The trial court ordered Father to pay child support in the full amount calculated pursuant to the child support schedule and worksheet. Accordingly, the trial court set Father's child support payment at $641.75 per month from November 1, 2015 to May 25, 2016, and $587.92 per month from May 25, 2016 forward. A processing fee of 2% was also applied to both time periods. Thus, it appears, the trial court eliminated the deviation the magistrate recommended, and declined to apply any deviation.

## A. Father's Issues on Appeal

{¶15} Father argues the trial court erred, and maintains that the magistrate correctly calculated his child support obligation and properly determined that certain factors warranted a downward deviation from the amount calculated on the worksheet. He contends that the trial court erred by sustaining Mother's objections and declining a deviation of the support amount

based on "the parties' equal parenting time, Father's in-kind contributions, and Father's payment of Mother's share of a $13,000 [dental] bill."

**{¶16}** R.C. 3119.03 establishes a rebuttable presumption that the child support obligation calculated pursuant to the basic child support schedule and applicable worksheet is the correct amount of child support due. However, "[t]wo statutes provide guidance as to factors a court can consider when evaluating the evidence offered by the party seeking a deviation * * *" and, in cases such as this "where there is a shared parenting order, R.C. 3119.24 applies." *Irish v. Irish*, 9th Dist. Lorain No. 10CA009810, 2011-Ohio-3111, ¶ 17.

**{¶17}** R.C. 3119.24(A)(1) permits that, in a shared parenting plan case, a court may deviate from that amount if the application of the scheduled amount would be "unjust or inappropriate to the children or either parent and would not be in the best interest of the child because of extraordinary circumstances of the parents or because of other factors or criteria set forth in R.C. 3119.23[.]" Extraordinary circumstances of the parents are described in R.C. 3119.24(B), and include the amount of time the children spend with each parent; each parents' ability to maintain adequate housing; the expenses incurred by each parent for child care, school tuition, medical expenses, dental expenses; and any other expenses or circumstances the court considers relevant. The other factors and criteria relevant to granting deviation are listed in R.C. 3119.23.

**{¶18}** The magistrate found that the Mother and Father were both residential parents and share the children equally pursuant to a shared parenting plan. The trial court did not disturb or otherwise address this finding—which is clearly supported by the record—when it reviewed the magistrate's decision, ruled on the objections, and declined to apply a deviation. Father argues that a failure to deviate where parties have equal parenting arguably amounts to an abuse of

discretion. However, this Court has held that "even though a shared parenting plan is involved, no automatic credit in the support order for the time the child(ren) reside with that parent is warranted." *Kannan v. Kay*, 9th Dist. Summit No. 26022, 2012-Ohio-2478, ¶ 27, quoting *Irish*, 2011-Ohio-3111 at ¶ 26. Father has not pointed to evidence or presented an argument to establish the presence of extraordinary circumstances or to show that deviation would have been in the best interest of the children. *See* R.C. 3119.24(A)(1) and (B)(2). Accordingly, Father has not supported his contention that the trial court abused its discretion when it declined to deviate based on equal parenting time.

{¶19} Father also argues that some deviation was appropriate in light of Father's contributions for extracurricular activities and other expenses. Father contends that he paid "more than his share of the costs of activities and sports." He asserts that he was "ordered to pay half" and yet he paid $8,942.00, compared to Mother's contribution of $1,469.00, towards such activities as well as items such as clothing, boots, coats, and equipment. However, the trial court found that Father did not substantiate his claim that he was forced to expend a disproportionate amount of money on the children's expenses, and failed to demonstrate the significance of his in-kind contributions. *See* R.C. 3119.24(B)(3); R.C. 3119.23(J). The trial court concluded that the lack of evidence in the form of receipts showing what amounts Father expended for clothes, activities and other items for the children amounted to a bald assertion that he spent funds and, therefore, did not justify deviating the amount of child support.

{¶20} Finally, Father contends that the trial court erred when it rejected Father's claim of inequitable payments on the dental bill as grounds for deviation. It does appear that the trial court exceeded the scope of its review of the magistrate's decision when it went on to consider the parties' resolution of the dental bill, which occurred subsequent to the hearing on Father's

motion for modification. Nonetheless, the trial court relied on sufficient alternate grounds to clarify its decision explaining that mother was not refusing or unwilling to pay her share of the dental bill, which is evidenced by her testimony and the fact she had made some payments toward the balance. Although Father clearly disagrees with this assessment, he has not demonstrated that the trial court abused its discretion by sustaining Mother's objection and finding that the payments Father made on the dental bill did not amount to extraordinary circumstances warranting deviation.

**{¶21}** Upon these circumstances and the facts presented, we cannot say that the trial court abused its discretion when it entered judgment upon review of the magistrate's decision and objections thereto, and declined to deviate from the child support obligation determined pursuant to the guidelines and applicable worksheet. Therefore, Father's assignment of error is overruled.

III.

**{¶22}** Father's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

CARR, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

LESLIE S. GRASKE, Attorney at Law, for Appellant.

BRIAN ASHTON, Attorney at Law, for Appellee.