[Cite as *Daubenmire v. Daubenmire*, 2019-Ohio-2372.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

MEGHAN DAUBENMIRE

    Appellee

    v.

CHAD DAUBENMIRE

    Appellant

C.A. No.     18CA0045-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    12DR0531

DECISION AND JOURNAL ENTRY

Dated: June 17, 2019

CALLAHAN, Judge.

{¶1} Appellant, Chad Daubenmire, appeals an order of the Medina County Court of Common Pleas, Domestic Relations Division, that denied his motion to modify his child and spousal support obligations. This Court affirms.

I.

{¶2} Chad and Meghan Daubenmire divorced in July 2014 after nineteen years of marriage. Their two unemancipated daughters were teenagers at the time of the divorce. The parties reached a full settlement of the issues in dispute, and the trial court incorporated a lengthy schedule of stipulations into the divorce decree. With respect to spousal support, the parties agreed as follows:

Effective July 1, 2014 and as spousal support, the Husband shall pay to the Wife the sum of $1,140.50 per month plus processing fee payable through the Medina County Child Support Enforcement Agency. When the Husband's obligation to pay the house payment, as set forth above[,] ends, there shall be added to the principle [*sic*] sum of the spousal support the sum of $1,214.40, plus processing fee. * * * The Court shall reserve jurisdiction as to the modification of the

spousal support. The spousal support shall be terminated upon the first happening
of: Wife's death, Husband's death, or Wife's remarriage.

The divorce decree also incorporated a child support worksheet that set forth the parties' agreement regarding Mr. Daubenmire's income and the level of child support that he would be obligated to pay. Specifically, the worksheet provided that Mr. Daubenmire's income was $169,560. It reflected zero earned income for Ms. Daubenmire, who had not worked outside of the home during the course of the marriage but was pursuing a nursing degree at the time of the divorce. The worksheet included support calculations based on those income levels, but those numbers were interlineated by the parties to reflect a slight deviation. Accordingly, the decree provided that by agreement of the parties, Mr. Daubenmire would pay child support in the amount of $1,451.75 per month, plus a two-percent processing fee.

{¶3} Only nine months after the divorce decree was journalized, Mr. Daubenmire moved the trial court to modify his spousal support and child support obligations based on an alleged change in his financial position. He withdrew that motion, but soon filed another motion that argued that his support obligations should be modified retroactive to the date of the first motion. In support of his motion, Mr. Daubenmire argued he had experienced a substantial change in circumstances because his income from the company that he jointly owned had decreased from $109,760 in 2013, which was the last full tax year before the divorce, to $49,141 in 2014—the year in which the divorce occurred.

{¶4} After conducting a hearing on the motion, a magistrate recommended that the motion be denied. The magistrate reasoned that Mr. Daubenmire's tax returns were not reliable evidence of a change in circumstances because they were based solely on information that he provided. The magistrate noted that Mr. Daubenmire's credibility in that respect was suspect because he acknowledged that he had failed to report some income in the past. The magistrate

also noted that the business income that Mr. Daubenmire receives was known to fluctuate before the divorce. The trial court entered judgment on the magistrate's decision pursuant to Civ.R. 53(D)(4)(e)(i). Mr. Daubenmire objected to the magistrate's decision, arguing that the evidence submitted in support of his motion was credible and that the magistrate incorrectly concluded that the evidence failed to demonstrate a substantial change in his circumstances.

{¶5} The trial court overruled Mr. Daubenmire's objections. Specifically, the trial court noted that Mr. Daubenmire's income for purposes of determining his support obligations had been the subject of agreement between the parties at the time of the divorce and observed that the child support worksheet completed at that time reflected the parties' agreement to an upward deviation in the child support obligation. The trial court concluded that the evidence demonstrated that Mr. Daubenmire had known that the income from his business enterprise fluctuated and that 2013 was an unusually profitable year, but had agreed that his income for purposes of determining both of his support obligations was $169,560 nonetheless.

{¶6} Mr. Daubenmire appealed, raising a single assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN OVERRULING DEFENDANT/APPELLANT'S OBJECTIONS TO THE MAGISTRATE'S DECISION AND DENYING DEFENDANT/APPELLANT'S MOTION TO MODIFY THE TRIAL COURT'S PREVIOUS ORDER OF CHILD AND SPOUSAL SUPPORT.

{¶7} Mr. Daubenmire's assignment of error argues that the trial court abused its discretion by denying his motion to modify his spousal support and child support obligations. This Court does not agree.

{¶8} This Court reviews a decision regarding the modification of spousal support or child support for an abuse of discretion. *See Budd v. Budd*, 9th Dist. Summit No. 28863, 2019-Ohio-1972, ¶ 13, citing *Michaels v. Michaels*, 9th Dist. Medina No. 12CA0029-M, 2013-Ohio-984, ¶ 7; *Seegert v. Seegert*, 9th Dist. Summit No. 28932, 2018-Ohio-5119, ¶ 8, citing *Booth v. Booth*, 44 Ohio St.3d 142, 144 (1989). *See generally Barlow v. Barlow*, 9th Dist. Wayne No. 08CA0055, 2009-Ohio-3788, ¶ 5 (observing that this Court also reviews a trial court's actions with respect to a magistrate's decision for an abuse of discretion). An abuse of discretion is present when a trial court's decision "'is contrary to law, unreasonable, not supported by evidence, or grossly unsound.'" *Menke v. Menke*, 9th Dist. Summit No. 27330, 2015-Ohio-2507, ¶ 8, quoting *Tretola v. Tretola*, 3d Dist. Logan No. 8-14-24, 2015-Ohio-1999, ¶ 25.

{¶9} In order to modify an award of spousal support following a divorce, there must be a reservation of jurisdiction to modify the award in the divorce decree. R.C. 3105.18(E)(1). The moving party must also demonstrate a substantial change in circumstances that neither the trial court nor the parties contemplated at the time of the original award that renders the existing award no longer reasonable or appropriate. R.C. 3105.18(F)(1); *Manos v. Manos*, 9th Dist. Summit No. 27335, 2015-Ohio-2932, ¶ 20. *See also Mandelbaum v. Mandelbaum*, 121 Ohio St.3d 433, 2009-Ohio-1222, syllabus (interpreting a prior version of R.C. 3105.18(F)).

{¶10} R.C. 3119.79, which governs the modification of an award of child support, provides, in relevant part:

> (A) If an obligor or obligee under a child support order requests that the court modify the amount of support required to be paid pursuant to the child support order, the court shall recalculate the amount of support that would be required to be paid under the child support order in accordance with the schedule and the applicable worksheet through the line establishing the actual annual obligation. If that amount as recalculated is more than ten per cent greater than or more than ten per cent less than the amount of child support required to be paid pursuant to the existing child support order, the deviation from the recalculated amount that

would be required to be paid under the schedule and the applicable worksheet shall be considered by the court as a change of circumstance substantial enough to require a modification of the child support amount.

* * *

(C) If the court determines that the amount of child support required to be paid under the child support order should be changed due to a substantial change of circumstances that was not contemplated at the time of the issuance of the original child support order or the last modification of the child support order, the court shall modify the amount of child support required to be paid under the child support order to comply with the schedule and the applicable worksheet through the line establishing the actual annual obligation, unless the court determines that the amount calculated pursuant to the basic child support schedule and pursuant to the applicable worksheet would be unjust or inappropriate and would not be in the best interest of the child and enters in the journal the figure, determination, and findings specified in section 3119.22 of the Revised Code.

R.C. 3119.79(A) and (C) must be read in conjunction to determine whether a modification is proper when the original child support order resulted from a voluntary agreement between the parties. *Greathouse v. Hilliard*, 9th Dist. Summit No. 28265, 2017-Ohio-2636, ¶ 6, citing *Hill v. Hill*, 9th Dist. Summit No. 27915, 2016–Ohio–910, ¶ 11. Consequently, when the parties originally agreed to a deviation from the child support guidelines, the party requesting a modification must prove that there has been a substantial change in circumstances that the parties did not contemplate at the time of the original child support order. *See Greathouse* at ¶ 6; *Sifferlin v. Sifferlin*, 9th Dist. Summit No. 27169, 2014-Ohio-5645, ¶ 10-13.

{¶11} In the situation present in this case, therefore, the threshold determination with respect to both spousal support and child support is whether Mr. Daubenmire demonstrated that he experienced a substantial change in circumstances that the parties did not contemplate at the time that they entered into the original agreement reflected in the decree. *See* R.C. 3105.18(F)(1); *Greathouse* at ¶ 6. The trial court did not abuse its discretion by determining that Mr. Daubenmire did not meet this threshold.

{¶12} The parties' divorce decree, dated July 14, 2014, set forth the parties' agreement regarding spousal support and child support, and it included a stipulated income level for Mr. Daubenmire upon which those determinations were based. The stipulated figure is significantly higher than Mr. Daubenmire's adjusted gross income for the year 2013. Indeed, there is no apparent relationship between the two, and the parties' agreement is silent with respect to the sources of his income from which that number was derived.

{¶13} During the hearing on Mr. Daubenmire's motion to modify, Mr. Daubenmire's accountant testified regarding Mr. Daubenmire's personal tax returns and those filed by RMD Company, LLC ("RMD") and Dauby Properties.[1] She explained that Mr. Daubenmire is a one-half owner of both companies, and that for tax purposes, he draws a salary and receives distributions from RMD. In addition, Mr. Daubenmire is credited with a distribution from Dauby Properties that is included in his income for tax purposes. The accountant testified that 2013 represented an unusually strong year for RMD's business, whether viewed from the perspective of prior years' profitability or in light of the business's performance in 2014 and 2015. She also commented on the trend in RMD's performance for 2016 on the basis of financial statements that reflected the first, second, and third quarters of the year.

{¶14} The accountant's testimony established that RMD's level of profitability in 2013 was an anomaly. Based on the record in this case, it is also reasonable to note, as the trial court observed, that Mr. Daubenmire had actual or constructive knowledge at the time that the parties entered into their agreement both that 2013 was an unusually profitable year based on past

---

[1] The accountant referenced the tax returns filed by RMD and Mr. Daubenmire during the course of her testimony, but those exhibits have not been included in the record on appeal. Nonetheless, the accountant's detailed testimony permits this Court to review the trial court's decision, as explained herein.

performance and in comparison with 2014 financial data, some of which would have been available to him at the time. Mr. Daubenmire's position that the decline in RMD's income justifies a modification of his child and spousal support is therefore problematic for at least two reasons: it is unclear what relationship Mr. Daubenmire's income had to the stipulated figure and, even assuming a correlation, RMD's fluctuating performance would have been contemplated by the parties when they arrived at that figure.

{¶15} Given these circumstances, the trial court did not abuse its discretion by determining that Mr. Daubenmire failed to prove a substantial change in circumstances that was not contemplated by the parties at the time of their original agreement. The trial court, therefore, did not err by denying Mr. Daubenmire's motion to modify his spousal and child support obligations on this basis.

{¶16} Mr. Daubenmire has also argued that the trial court abused its discretion by failing to calculate his level of income for purposes of determining whether a substantial change in circumstances had occurred. Mr. Daubenmire did not raise this argument in his objections to the magistrate's decision and, therefore, he has forfeited all but plain error in connection with this argument. *See* Civ.R. 53(D)(3)(b)(iv); *Trombley v. Trombley*, 9th Dist. Medina No. 17CA0012-M, 2018-Ohio-1880, ¶ 10. "In civil cases * * * the application of the plain error doctrine is reserved for the rarest of circumstances." *Katie L. v. Dennis M.*, 9th Dist. Medina No. 15CA0010-M, 2016-Ohio-338, ¶ 5, citing *Goldfuss v. Davidson*, 79 Ohio St.3d 116 (1997), syllabus. In other words:

> In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.

*Goldfuss* at syllabus. Mr. Daubenmire has not presented this Court with any argument explaining how alleged error in this regard undermined the legitimacy of the judicial process. *See id*. This Court will not analyze plain error when the appellant fails to do so. *Conti v. Spitzer Auto World Amherst, Inc.*, 9th Dist. Lorain No. 07CA009121, 2008-Ohio-1320, ¶ 8.

{¶17} Mr. Daubenmire's assignment of error is overruled.

III.

{¶18} Mr. Daubenmire's assignment of error is overruled. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

TEODOSIO, P. J.
SCHAFER, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

THEODORE J. LESIAK, Attorney at Law, for Appellant.

MEGHAN DAUBENMIRE, pro se, Appellee.