DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Sally Brubaker has appealed from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, which set her spousal support award at $0. This Court vacates the trial court's decision and enters judgment.
 I {¶ 2} Plaintiff-Appellee David Brubaker ("Husband") and Defendant-Appellant Sally Brubaker ("Wife") were divorced in August 1992.
 {¶ 3} In December 1998, Husband filed a motion to modify spousal support. After the magistrate granted a modification, Husband and Wife both objected to the magistrate's decision; the trial court overruled the objections and ruled that Husband's spousal support order was reduced to $325 per month, plus 2% poundage, effective December 21, 1998.
 {¶ 4} On June 7, 2002, Wife retired from her employment with the Cuyahoga Falls School District. Due to Wife's retirement, Husband filed a motion to terminate spousal support on July 2, 2002. Wife then filed a motion to modify spousal support. After several hearings, magistrate's decisions, and trial court decisions, the trial court entered the journal entry at issue in the instant matter.
 {¶ 5} On July 11, 2005, the trial court found that the divorce decree gave the court jurisdiction over spousal support beyond either party's retirement, but due to change of circumstances Wife was no longer entitled to spousal support. Accordingly, the trial court awarded Wife $0 in spousal support effective July 17, 2002. Wife has appealed the trial court's decision, asserting one assignment of error.
 II Assignment of Error Number One
"THE TRIAL COURT ERRED IN TERMINATING THE HUSBAND'S SPOUSAL SUPPORT OBLIGATION BASED UPON A FINDING THAT THERE HAD BEEN A SUBSTANTIAL CHANGE IN CIRCUMSTANCES AND BASED UPON THE HUSBAND'S 2004 INCOME AND THE WIFE'S 2002 INCOME."
 {¶ 6} In her sole assignment of error, Wife has argued that the trial court erred in terminating her spousal support. Specifically, Wife has argued that the trial court erred in finding a substantial change of circumstance.
 {¶ 7} This Court reviews a trial court's decision regarding spousal support under an abuse of discretion standard of review.Pauly v. Pauly (1997), 80 Ohio St.3d 386, 390, citing Booth v.Booth (1989), 44 Ohio St.3d 142, 144. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When reviewing whether the trial court abused its discretion regarding spousal support, this Court must first determine if the trial court had jurisdiction over the matter.
 {¶ 8} R.C. 3105.18 governs the trial court's authority to modify spousal support. Pursuant to R.C. 3105.18(E)(1):
"[I]f a continuing order for periodic payments of money as spousal support is entered in a divorce or dissolution of marriage action that is determined on or after January 1, 1991, the court that enters the decree of divorce or dissolution of marriage does not have jurisdiction to modify the amount or terms of the alimony or spousal support unless the court determines that the circumstances of either party have changed and unless * * * the decree or separation agreement of the parties to the divorce that is incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support."
Accordingly, this Court must review the terms of the divorce decree to determine if the trial court retained jurisdiction over spousal support matters.
 {¶ 9} The journal entry granting Husband's divorce contained the following clauses:
"10. Effective August, 1992, and subject to the continuing Order of this Court, Husband shall pay to Wife spousal support in the sum of $2,700, plus 2% poundage, through the Summit County Child Support Agency. This spousal support shall terminate upon either parties' death, Wife' (sic) remarriage or either parties' retirement.
"11. This Court may modify this spousal support order upon change of circumstances of a party, which includes, but is not limited to, any increase or involuntary decrease in the parties (sic) wages, salary, bonuses, living expenses or medical expenses."
 {¶ 10} Under Ohio law a judgment, including a divorce decree, "`may be interpreted if it is ambiguous.'" Collette v. Collette
(Aug. 29, 2001), 9th Dist. No. 20423, at 5, quoting Quisenberryv. Quisenberry (1993), 91 Ohio App.3d 341, 348. "If there is good faith confusion over the interpretation to be given to a particular clause of a divorce decree, the trial court in enforcing that decree has the power to hear the matter, clarify the confusion, and resolve the dispute." Id. This Court reviews a trial court's decision to interpret the terms of a divorce decree under the abuse of discretion standard. (Citation omitted.)Collette at 5.
 {¶ 11} After reviewing the divorce decree in its entirety, we find that the trial court abused its discretion when it found the terms of the divorce, specifically clauses 10 and 11, were ambiguous and thus open to interpretation. We find clauses 10 and 11 to be unambiguous. Clause 10 establishes spousal support and states that spousal support shall terminate upon death of Husband or Wife, remarriage of Wife, or retirement of Husband or Wife. Clause 11 provides the trial court with jurisdiction to modify spousal support. Accordingly, we find that the trial court acted unreasonably when it interpreted the terms of the divorce decree.
 {¶ 12} It is undisputed that Wife retired from her employment with the Cuyahoga Falls School District; therefore, spousal support was terminated. Because spousal support was terminated upon Wife's retirement, the trial court no longer had jurisdiction to modify spousal support. Accordingly, the trial court abused its discretion when it set spousal support at $0 per month because it no longer had jurisdiction over the matter.
 {¶ 13} Based on the foregoing, we find that the trial court abused its discretion when it interpreted the terms of the divorce decree and it abused its discretion in its July 11, 2005 journal entry that awarded spousal support to Wife in the amount of $0.
 III {¶ 14} The judgment of the trial court dated July 11, 2005, which awarded Wife spousal support in the amount of $0, is vacated. Pursuant to App.R. 12(B), this Court may enter the judgment the trial court should have entered. Accordingly, due to Wife's retirement we hold that Husband's spousal support obligation is terminated effective July 17, 2002. The Summit County Child Support Agency may utilize the power of the trial court to enforce the collection of any arrears Husband may owe on his previous spousal support order.
Judgment accordingly.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Slaby, P.J. Boyle, J. concur.