DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant, Frank A. Adkins ("Husband"), appeals from the decision of the Lorain County Court of Common Pleas, Domestic Relations Division, granting Plaintiff-Appellee, Tracey L. Galvin's ("Wife"), motion for clarification of the parties agreed judgment entry of divorce. This Court affirms.
 I {¶ 2} On September 23, 2004, Wife filed a complaint for divorce from Husband. On February 16, 2006, the court granted the parties a divorce pursuant to their agreed upon judgment entry. The sole, disputed provision ("Provision 19") in the agreed entry reads as follows:
 "19. [Wife] will quit claim interest in 13340 Durkee Rd. to [Husband]. Equity in house is approximately $15,000.00. [Husband] will pay $5,000.000 to [Wife] within 90 day[s] following refinancing."
Problems arose as to this provision because of the parties failed to include a time limit by which Husband would have to obtain the refinancing. *Page 2 
 {¶ 3} On July 11, 2006, Wife filed a motion to show cause, arguing that Husband had failed to pay her the $5,000 as set forth in Provision 19. A magistrate held a hearing on Wife's motion and determined that Husband had not violated Provision 19 because he had not yet refinanced the home. The court adopted the magistrate's decision and journalized its denial of Wife's motion to show cause on September 25, 2006. Because the payment of the $5,000 depended upon the refinancing, the court reasoned, Husband was still in compliance with the parties' agreed judgment entry.
 {¶ 4} On January 5, 2007, Wife filed a motion to clarify judgment entry of divorce. Wife argued that Provision 19 was ambiguous because it failed to include a time period by which Husband must refinance the property at issue. On December 11, 2007, the magistrate issued an order noting that a hearing had been held on all the parties' pending motions and that the trial court would issue a decision on Wife's motion to clarify by December 31, 2007. On December 21, 2007, the trial court issued its decision. The court found that Provision 19 was ambiguous and that it had discretion to clarify and interpret the provision. The court held that "a reasonable amount of time in which to refinance the home by [Husband] is 180 days from the date of this decision."
 {¶ 5} On January 18, 2008, Husband filed his notice of appeal. Husband's appeal is
now before this Court, raising three assignments of error for our review.
 II Assignment of Error Number One "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT GRANTED APPELLEE'S MOTION TO CLARIFY THE AGREED JUDGMENT ENTRY OF DIVORCE, WHERE THE TERMS OF AGREED ENTRY WERE NOT AMBIGUOUS, AND THE CLARIFICATION CONSTITUTED AN AMENDMENT OR MODIFICATION OF THE AGREED JUDGMENT ENTRY." *Page 3 
 {¶ 6} In his first assignment of error, Husband argues that the trial court improperly modified the parties' judgment entry of divorce under the guise of clarifying an ambiguous provision. Specifically, he argues that the trial court added a specific time limit for his performance in contravention to Provision 19, which imputes no such time limit.
 {¶ 7} The initial determination of whether a decree is ambiguous on its face is a question of law that must be reviewed de novo. Denman v.State Farms Ins. Co., 9th Dist. No. 05CA008744, 2006-Ohio-1308, at ¶ 12. "Under Ohio law a judgment, including a divorce decree, `may be interpreted if it is ambiguous.'" Brubaker v. Brubaker, 9th Dist. No. 22821, 2006-Ohio-1035, at ¶ 10, quoting Quisenberry v. Quisenberry
(1993), 91 Ohio App.3d 341, 348. "If there is good faith confusion over the interpretation to be given to a particular clause of a divorce decree, the trial court in enforcing that decree has the power to hear the matter, clarify the confusion, and resolve the dispute."Brubaker at ¶ 10, quoting Collette v. Collette (Aug. 22, 2001), 9th Dist. No. 20423, at *2. This Court defines "ambiguity" as "the condition of admitting of two or more meanings, of being understood in more than one way, or of referring to two or more things at the same time[.]"Robinson v. Beck, 9th Dist. No. 21094, 2003-Ohio-1286, at ¶ 25, quotingBoulger v. Evans (1978), 54 Ohio St.2d 371, 378.
 {¶ 8} The trial court determined that Provision 19 was ambiguous, but failed to explain what additional meaning could be given to the language in the provision. Once again, Provision 19 provides as follows:
 "19. [Wife] will quit claim interest in 13340 Durkee Rd. to [Husband]. Equity in house is approximately $15,000.00. [Husband] will pay $5,000.000 to [Wife] within 90 day[s] following refinancing."
We fail to see how Provision 19 could be interpreted in more than one way. The trial court reasoned that the provision was ambiguous because it could not "be read to allow [Husband] an *Page 4 
indefinite amount of time in which to refinance." This reasoning, however, does not support a finding that the provision was ambiguous. While it is true that Provision 19 contained no time for performance, the language of Provision 19 was clear: Husband must pay Wife $5,000.00 within 90 days following refinancing. As a matter of law, this language is not ambiguous. Accordingly, the trial court erred in finding an ambiguity.
 {¶ 9} Despite the fact that the trial court incorrectly found an ambiguity, the trial court correctly determined that Provision 19 lacks a specific time period for Husband's performance. Husband does not claim that the refinancing was optional. Rather, he only argues that the trial court lacked authority to modify the parties' agreed upon decree by adding an additional term. While we agree it would have been improper for the trial court to modify the parties' decree, we disagree with Husband's argument that the imposition of a time limit on his performance amounted to a modification of the decree. See, e.g.,Runyon v. Runyon (June 27, 2001), 9th Dist. No. 01CA01, at *1 (discussing the difference between modification and interpretation of a decree).
 {¶ 10} When a divorce decree incorporates a separation agreement, "the normal rules of contract construction are applicable." Collette at *2, citing Kelly v. Med. Life Ins. Co. (1987), 31 Ohio St.3d 130, paragraph one of the syllabus. "Where the time for performance of a contract is not specifically set forth in a contract, a reasonable time for performance will be inferred." Kirk v. Mihalca (Feb. 14, 2001), 9th Dist. No. 20133, at *1, citing Oil, Chem. Atomic Workers Internatl.Union v. Martin Marietta Energy Sys., Inc. (1994), 97 Ohio App.3d 364,369. "A reasonable time for performance is to be distilled from the surrounding conditions and circumstances that the parties contemplated at the time the contract was executed." Widmer v. Edwards (Dec. 13, 1995), 9th Dist. No. 17214, at *2, citing Miller v. Bealer (1992), 80 Ohio *Page 5 
App.3d 180, 182. "The determination of a reasonable time period is a question of fact for the trier of fact." Kirk at *1. Accordingly, in the absence of an express time for performance within the language of the contract, the trier of fact is called upon to look to the circumstances contemplated by the parties at the time the contract was executed, and from that, infer a reasonable time for performance. Uvegas v. StorageWorld, Inc., 9th Dist. No. 05CA0052-M, 2006-Ohio-924, at ¶ 8. This Court will review the trier of fact's determination as to what constitutes a reasonable time for performance under an abuse of discretion standard. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 11} Once again, Husband does not dispute that he is under a contractual duty to refinance the property located at 13340 Durkee Road. He only argues that the trial court erroneously added a term to the parties' decree in the form of an exact time period for his performance. Yet, "a reasonable time for performance will be inferred" when a contract lacks an exact time for performance. Kirk at *1. Even if the parties never set forth an exact time period by which Husband's performance was due, his performance was always due within "a reasonable time" as a matter of law. Id. Consequently, the trial court did not add a term to the parties' decree as Husband suggests. The trial court merely interpreted the length of reasonable time that was already part of the parties' decree as a matter of law.
 {¶ 12} The trial court decided that Provision 19 could not "be read to allow [Husband] an indefinite amount of time in which to refinance" and that "a reasonable amount of time in which to refinance the home *** is 180 days from the date of this decision." Our review of the record leads us to conclude that the trial court reached the right result in imposing this time limit on *Page 6 
Husband. Wife allowed almost two years to pass between the court's journalization of the parties' divorce decree and her request for clarification. Husband never made any efforts to refinance during that period of time. Furthermore, Husband has not argued that he would be prejudiced unless given a longer period of time within which to complete the refinancing. Given the amount of time that has passed, the trial court correctly ordered Husband to refinance the property within 180 days of the order, a reasonable period of time. Although the trial court employed improper reasoning in its analysis, an appellate court will affirm a judgment that achieved the right result, albeit for the wrong reason, because the appellant will not have been prejudiced by the trial court's error. In re Estate of Baker, 9th Dist. No. 07CA009113,2007-Ohio-6549, at ¶ 15, citing Reynolds v. Budzik (1999),134 Ohio App.3d 844, 846, at fn. 3. Husband's first assignment of error is overruled.
 Assignment of Error Number Two "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION, TO THE PREJUDICE OF APPELLANT, WHEN IT GRANTED APPELLEE'S MOTION TO CLARIFY THE AGREED JUDGMENT ENTRY OF DIVORCE, WHERE THE TRIAL COURT FAILED TO HOLD A HEARING TO DETERMINE THE INTENT OF THE PARTIES AND THE EQUITIES INVOLVED IN THE CLARIFICATION."
 {¶ 13} In his second assignment of error, Adkins argues that the trial court abused its discretion in altering the parties' judgment entry of divorce without first conducting an evidentiary hearing. We disagree.
 {¶ 14} Wife filed her motion to clarify on January 5, 2007. A journal entry from the magistrate filed December 11, 2007, provides, in part as follows:
 "Came for hearing on the 6th day of December 2007, on the pending motions. *** The motion to clarify the divorce decree before [the trial court] will be decided by 12/31/07. Attorney Smith will submit a brief by 12/14/07." *Page 7 
Contrary to Husband's assertion then, it would appear from the record that the parties did have a hearing of some sort with regard to Wife's motion to clarify.[1] Both parties also submitted briefs on the issue. Although Husband claims that the trial court erred in failing to hold a hearing, he has not explained why the hearing that took place on December 6, 2007 was insufficient or what additional evidence he would have introduced had the trial court held another hearing. Consequently, Husband has not demonstrated that he suffered prejudice as a result of the trial court's handling of this matter. See Cardone v. Cardone (May 6, 1998), 9th Dist. No. 18349, at *8 ("If an argument exists that can support this assignment of error, it is not this court's duty to root it out."). Husband's second assignment of error is overruled.
 Assignment of Error Number Three "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT GRANTED APPELLEE'S MOTION TO CLARIFY THE AGREED JUDGMENT ENTRY OF DIVORCE, WHERE APPELLEE HAD PREVIOUSLY RAISED THE ISSUE OF THE SUBJECT PROVISION IN A MOTION TO SHOW CAUSE, HAD FAILED TO PRESENT ANY ISSUES REGARDING THE ALLEGED AMBIGUITY OF THE SUBJECT PROVISION, AND FAILED TO TIMELY APPEAL THE TRIAL COURT'S DECISION DENYING THE MOTION."
 {¶ 15} In his third assignment of error, Husband argues that the trial court erred in granting Wife's motion for clarification because the doctrine of res judicata should have barred her from attacking any ambiguity in the judgment entry of divorce. Specifically, Husband argues that Wife previously filed a show cause motion to enforce the decree without raising any ambiguity, and thus, lost her opportunity to raise any alleged ambiguity at a later time. We disagree. *Page 8 
 {¶ 16} This Court reviews the application of the doctrine of res judicata de novo, as it is a question of law. Ohio Patrolmen'sBenevolent Assn. v. Munroe Falls, 9th Dist. No. 23898, 2008-Ohio-659, at ¶ 13. "The doctrine of res judicata provides that `[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.'" Perrine v. Patterson, 9th Dist. No. 22993, 2006-Ohio-2559, at ¶ 22, quoting Grava v. Parkman Twp.
(1995), 73 Ohio St.3d 379, syllabus.
 {¶ 17} Husband argues that the trial court erred in not determining that res judicata applied to preclude Wife's motion to clarify. Husband argues that Wife brought a show cause order in September of 2006 and that she never "attacked[ed] [Provision 19] as ambiguous" at that time, objected to the magistrate's ruling on her show cause order, or appealed as to the same. We disagree.
 {¶ 18} In her show cause order, Wife sought to enforce judgment against Husband. She requested the court find Husband in violation of the agreed divorce judgment entry because he failed to pay her $5,000 pursuant to Provision 19. The magistrate, and subsequently the trial court, reviewed the motion and determined that Husband was not yet in violation of Provision 19 because he had yet to refinance the property at 13340 Durkee Road. A plain reading of Provision 19 demonstrates that Husband must pay Wife $5,000 "within 90 day(s) following refinancing." Therefore, the lower court correctly determined that the refinancing was a prerequisite to Husband's payment of the $5,000.
 {¶ 19} The record reflects that Wife allowed more than a year to pass before filing her motion to clarify, but Husband had still failed to obtain refinancing. Much like Wife's show cause order, Wife's motion to clarify merely requested that the trial court take a certain action *Page 9 
upon the final judgment. Wife never sought to attack the validity of the agreed upon judgment entry. See Ohio Pyro, Inc. v. Ohio Dept. ofCommerce, 115 Ohio St.3d 375, 2007-Ohio-5024, at ¶ 34 (noting that res judicata generally prohibits a party from attacking a prior judgment). Rather, she asked the lower court to clarify Provision 19 once she discovered the futility of that provision. Wife's motion to clarify also did not address the same issue as her motion to show cause. While Wife's show cause motion sought to enforce Provision 19, her motion to clarify requested that the trial court define the conditions under which Wife would be able to enforce Provision 19. Finally, we note that the application of the doctrine of res judicata in this instance would do little to further the ever-present goal of substantial justice. SeeDavis v. Wal-Mart Stores, Inc. (2001), 93 Ohio St.3d 488, 490. Without a clarification of the decree, Husband could forever avoid having to pay Wife the $5,000 set forth in Provision 19 by failing to refinance the property. Husband may not rely upon the doctrine of res judicata to shield himself from the application of the provisions that he agreed to in the parties' decree. See id. Husband's third assignment of error lacks merit.
 III {¶ 20} Husband's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
 The Court finds that there were reasonable grounds for this appeal. *Page 10 
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
CARR, P. J., BAIRD, J. CONCUR
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to § 6(C), Article IV, Constitution.)
[1] Neither Husband, nor Wife referred to this hearing in their briefs, and the record does not include any further detail as to who presided over the hearing or the arguments presented therein. *Page 1