[Cite as *Cook v. Cook*, 2020-Ohio-225.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

THERESA JO COOK

    Appellee

v.

DAVID ERIC COOK

    Appellant

C.A. No.     18CA0042-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    12DR0629

DECISION AND JOURNAL ENTRY

Dated: January 27, 2020

CARR, Judge.

{¶1}    Appellant David Eric Cook appeals from the judgment of the Medina County Court of Common Pleas, Domestic Relations Division. This Court affirms in part, reverses in part, and remands this matter for further proceedings consistent with this opinion.

I.

{¶2}    Mr. Cook and Appellee Theresa Jo Cook married in November 1994 and two children were born of the marriage. In December 2012, Ms. Cook filed a complaint for divorce and Mr. Cook filed a counterclaim for divorce. On February 26, 2014, the parties were granted an uncontested divorce by an agreed judgment entry, which incorporated a shared parenting plan.

{¶3}    With respect to spousal support, the decree provided as follows:

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that commencing January 1, 2014, [Mr. Cook] shall pay to [Ms. Cook] the sum of $800.00 per month plus 2% processing fee, as and for spousal support for a period of 72 consecutive months, or until the death of either party, [Ms. Cook's] remarriage, or [Ms. Cook's] cohabitation with an unrelated person t[a]ntamount to marriage, whichever occurs first. The Court shall retain jurisdiction to modify spousal

support as to amount only upon a showing of a substantial change in financial circumstances.

Furthermore, the parties stipulated and agreed that any modification of child support as set forth herein during the period of time that spousal support is due and owing as outlined above, shall necessitate a modification of spousal support to result in the same, net after-tax effect as the combined child and spousal support orders as specified herein.

(Emphasis sic.)

{¶4} The judgment entry stated that, with respect to child support, Mr. Cook was designated as the obligor and Ms. Cook was designated as the obligee. The entry provided that Mr. Cook would pay $9,600.00 a year or $800.00 per month in child support plus a 2% processing charge. The child support worksheet listed Mr. Cook's income as $120,000.00 and Ms. Cook's income as $60,000.00. According to the judgment entry, the child support amount "represents a deviation downward in order to accommodate the payment of spousal support and the allocation of parenting time."

{¶5} In August 2016, the parties' eldest child emancipated and a hearing was scheduled to address the termination of child support with respect to the eldest child and to recalculate child support as to the remaining minor child. In September 2016, Ms. Cook filed a motion to modify spousal support based upon the modification of child support.

{¶6} The parties agreed to submit written stipulations and briefs in lieu of a hearing. The parties stipulated that the child support guidelines "attached to the Decree of Divorce contain a 14.3% deviation downward in the child support amount and the Guidelines are capped at $150,000 combined income." In addition, the parties stipulated that Mr. Cook's income was $145,717.00 and Ms. Cook's income was $62,312.00. The marginal cost of health insurance for the minor child was stipulated to be $2,616.12.

{¶7}   In their briefing to the trial court, the parties disagreed over what the following language in the decree meant:   "Furthermore, the parties stipulated and agreed that any modification of child support as set forth herein during the period of time that spousal support is due and owing as outlined above, shall necessitate a modification of spousal support to result in the same, net after-tax effect as the combined child and spousal support orders as specified herein."  Both maintained that the language was unambiguous, but nonetheless disagreed over its meaning.

{¶8}   Ms. Cook maintained that the "same, net after-tax effect as the combined child and spousal support orders as specified herein" should result in "each of the parties having the same percentage of after tax funds as in the original Divorce Decree."  Based upon "FinPlan Split Screen Summary Analysis Sheets[,]" which were attached to Ms. Cook's briefing, she asserted that child support should be $658.66 per month and spousal support should be $1,879.16 per month.

{¶9}   Mr. Cook disagreed that a modification of either child support or spousal support was warranted.  With respect to spousal support, he maintained that there had not been a substantial change of circumstances.  Assuming a substantial change was demonstrated, Mr. Cook argued that the language in the decree meant that, because of the different tax consequences of child support as compared to spousal support, if one of the two was increased or decreased, the other must also increase or decrease to result in "the same 'net effect' of $1,600.00."  To illustrate Mr. Cook's position, he attached two documents from the "FinPlan" program.  The first used child and spousal support figures of $9,600.00 per year but did not use the original income figures; instead it used the new stipulated figures.  Using those figures, the document indicated that Mr. Cook had $82,597.00 in after tax cash for living expenses and Ms.

Cook had $66,695.00 in after tax cash for living expenses. The second document utilized the same income figures but reflected the lowered child support requested by Ms. Cook and a spousal support figure of $12,100.00. Using those numbers, the documents reflected that Ms. Cook and Mr. Cook would have nearly the same amount of after tax cash for living expenses as the first document. Thus, Mr. Cook maintained that the much higher figure of spousal support requested by Ms. Cook was not warranted.

{¶10} The magistrate issued a decision concluding that Ms. Cook's interpretation of the decree was the only reasonable interpretation and the language was not ambiguous. The magistrate found that there was a change in circumstances warranting the modification of child support and that that modification required that spousal support also be modified. The magistrate ordered Mr. Cook to pay $665.50 per month in child support and $1,800.00 per month in spousal support.

{¶11} Mr. Cook filed objections to the magistrate's decision arguing that the magistrate erred in modifying both child and spousal support. With respect to spousal support, Mr. Cook asserted that the magistrate erred in modifying spousal support without finding a substantial change in circumstances had occurred and also challenged the magistrate's interpretation of the language in the decree.

{¶12} The trial court held a hearing on the objections and thereafter sustained in part and overruled in part Mr. Cook's objections. The trial court adopted Ms. Cook's interpretation of the decree but concluded that the magistrate's calculations were slightly off, resulting in a child support award of $668.67 per month and a spousal support award of $1,966.67 per month. The trial court also found that there had been a substantial change in circumstances justifying a modification of spousal support.

{¶13}   Mr. Cook has appealed, raising two assignments of error, which will be addressed out of sequence to facilitate our discussion.

II.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN MODIFYING THE SPOUSAL SUPPORT ORDER[.]

{¶14}   Mr. Cook, in his second assignment of error, challenges the trial court's jurisdiction to modify spousal support.  First, he argues that the trial court erred in basing its modification of spousal support on an unauthorized modification of child support.  Second, he asserts that the trial court erred in concluding there was a substantial change of circumstances and asserts that Ms. Cook failed to demonstrate that that change made the existing award no longer reasonable and appropriate.

{¶15}   In addition, Mr. Cook asserts that, even assuming there was jurisdiction to modify spousal support, the trial court failed to consider the factors in R.C. 3105.18(C).

{¶16}   "Generally, this Court reviews a trial court's action with respect to a magistrate's decision for an abuse of discretion." (Internal quotations and citations omitted.)  *Condon v. Rockich,* 9th Dist. Summit No. 28479, 2018-Ohio-71, ¶ 10.  An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).  "In so doing, we consider the trial court's action with reference to the nature of the underlying matter." (Internal quotations and citations omitted.)  *Condon* at ¶ 10.  "This Court reviews the domestic relations court's decision regarding the modification of spousal support for an abuse of discretion."  *Wuscher v. Wuscher*, 9th Dist. Summit No. 26924, 2014-Ohio-377, ¶ 9.  In order for a trial court to have jurisdiction to modify an award of spousal support following a divorce, "there must be a reservation of jurisdiction to

modify the award in the divorce decree." *Daubenmire v. Daubenmire*, 9th Dist. Medina No. 18CA0045-M, 2019-Ohio-2372, ¶ 9. The moving party must also demonstrate (1) a substantial change in circumstances that renders the award no longer reasonable and appropriate; and (2) that neither the trial court nor the parties took into account the change "as a basis for the existing award when it was established or last modified, whether or not the change in circumstances was foreseeable." R.C. 3105.18(F)(1).[1] In addition, R.C. 3105.18(F)(1) is subject to R.C. 3105.18(F)(2), which states that "[i]n determining whether to modify an existing order for spousal support, the court shall consider any purpose expressed in the initial order or award and enforce any voluntary agreement of the parties. Absent an agreement of the parties, the court shall not modify the continuing jurisdiction of the court as contained in the original decree."

{¶17} There is no dispute that the decree contains a reservation of jurisdiction; specifically, the decree states that "[t]he Court shall retain jurisdiction to modify spousal support as to amount only upon a showing of a substantial change in financial circumstances." In addition, the trial court found that a substantial change in circumstances occurred. While the trial court's word choice in articulating its rationale for doing so was less than ideal, it appears that the trial court did so based upon the eldest child emancipation and the change in the parties' incomes. We conclude that the trial court did not abuse its discretion in concluding that the parties' change in income constituted a substantial change of circumstances. It does not appear that Mr. Cook argues that R.C. 3105.18(F)(1)(b) was not satisfied with respect to the change in income; thus, that issue will not be addressed in this appeal. *See* App.R. 16(A)(7).

---

[1] Language in the uncodified portion of 2011 Am.H.B. No. 461, Section 4 indicates an intent by the General Assembly to abrogate *Mandelbaum v. Mandelbaum*, 121 Ohio St.3d 433, 2009-Ohio-1222. *See Bixler v. Bixler*, 12th Dist. Clermont No. CA2016-12-081, 2017-Ohio-7022, ¶ 23. Accordingly, this Court will rely on the language in the statute in analyzing whether modification of the spousal support award was authorized.

{¶18}   Here Ms. Cook's income went from $60,000.00 in 2014 to $62,312.00 at the time the matter was decided.   Whereas Mr. Cook's income increased from $120,000.00 to $145,717.00 in the same period.   Though Ms. Cook's increase in income was slight, Mr. Cook's income increased over 20% and the gap between Ms. Cook's income and Mr. Cook's income increased from $60,000.00 to $83,405.00.   We cannot say that the trial court abused its discretion in concluding that Mr. Cook's change in income amounted to a substantial, i.e. significant, change of circumstances, particularly in light of the short amount of time that passed between the decree and the modification.   *See Wuscher*, 2015-Ohio-5377, ¶ 16 ("'Substantial' in the context of a spousal support modification proceeding means drastic, material, or significant[.]") (Internal quotations and citations omitted.).

{¶19}   To the extent Mr. Cook argues that Ms. Cook failed to demonstrate that the original award was no longer appropriate and reasonable, Mr. Cook did not object to the magistrate's decision on that basis and thus has forfeited all but plain error.   *See Daubenmire*, 2019-Ohio-2372, at ¶ 16.   As Mr. Cook has not developed a plain error argument, this Court is not inclined to create one for him.   *See id.*

{¶20}   As to Mr. Cook's argument that the trial court erred in basing its modification of spousal support on a modification of child support when the modification of child support was not permitted, we note that we have concluded that the trial court had jurisdiction to modify spousal support based upon a substantial change in financial circumstances as stated in the foregoing discussion.   Thus, any error in the trial court's statements which Mr. Cook now challenges would be harmless.   *See* Civ.R. 61.   Further, Mr. Cook has not separately challenged the propriety of the award of child support and we cannot conclude that this method is an appropriate way to do so.   *See* App.R. 16(A)(7).

{¶21} With respect to Mr. Cook's argument that the trial court failed to consider the factors in R.C. 3105.18(C) in modifying the spousal support award, given our resolution of Mr. Cook's first assignment of error, addressed below, we conclude that this argument is not properly before us at this time, and we decline to address it.

{¶22} Mr. Cook's second assignment of error is overruled in part and the remaining portion is not properly before us at this time.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY MODIFYING THE SUPPORT AWARD TO EXCEED THE NET AFTER-TAX EFFECT OF $1,600.00 PER MONTH.

{¶23} Mr. Cook argues in his first assignment of error that the trial court erred in its interpretation of the decree. Because we conclude that the language is ambiguous, we sustain Mr. Cook's assignment of error and remand the matter for the trial court to hear the matter and interpret the ambiguity.

{¶24} As noted above, while both parties maintain the language is unambiguous, they disagree as to the meaning of the following language: "Furthermore, the parties stipulated and agreed that any modification of child support as set forth herein during the period of time that spousal support is due and owing as outlined above, shall necessitate a modification of spousal support to result in the same, net after-tax effect as the combined child and spousal support orders as specified herein."

{¶25} "The initial determination of whether a decree is ambiguous on its face is a question of law that must be reviewed de novo." *Galvin v. Adkins,* 9th Dist. Lorain No. 08CA009322, 2008-Ohio-3202, ¶ 7. "Under Ohio law a judgment, including a divorce decree, may be interpreted if it is ambiguous." (Internal quotations and citations omitted.) *Id.* "If there

is good faith confusion over the interpretation to be given to a particular clause of a divorce decree, the trial court in enforcing that decree has the power to hear the matter, clarify the confusion, and resolve the dispute." (Internal quotations and citations omitted.) *Id.* This includes the ability of the trial court to take testimony concerning the intent of the parties and to consider parol evidence and the equities. *See Oberst v. Oberst*, 5th Dist. Fairfield No. 08-CA-34, 2009-Ohio-13, ¶ 21-22. "[A]mbiguity [i]s the condition of admitting of two or more meanings, of being understood in more than one way, or of referring to two or more things at the same time[.]" (Internal quotations and citations omitted.) *Galvin* at ¶ 7.

{¶26} We note that, despite the fact that both parties relied upon "FinPlan" documents in support of their relative positions, no "FinPlan" analysis was attached to the decree or made part of the record at the time the original decree was filed. Moreover, the language in the decree itself does not refer to using or relying upon "FinPlan" analysis.

{¶27} Because we determine there is at least more than one reasonable interpretation of the language at issue, we conclude it is ambiguous. *See id.* The sentence at issue states: "Furthermore, the parties stipulated and agreed that any modification of child support as set forth herein during the period of time that spousal support is due and owing as outlined above, shall necessitate a modification of spousal support to result in the same, net after-tax effect as the combined child and spousal support orders as specified herein." It is not clear what is meant by the phrase "same, net after-tax effect as the combined child and spousal support orders as specified herein[.]" The "same, net after-tax effect" could mean that, post-modification, the parties should have the same percentages of after-tax cash available to them as were present under the circumstances of the original award. The "effect" would thus be the percentage of the incomes. This is essentially Ms. Cook's position and the approach taken by the trial court.

{¶28} However, the phrase "same, net after-tax effect as the combined child and spousal support orders as specified herein" could also have a more narrow meaning focused on how the tax consequences of the original award of spousal and child support altered the amount of after-tax cash available to each party. Any modification would therefore seek to ensure that that effect is maintained in the new award. It is well settled that child and spousal support have different tax consequences. *See Bryant v. Bryant,* 5th Dist. Coshocton Nos. 97CA8, 98CA1, 1999 WL 98110, *8 (Jan. 28, 1999). ("If the award is characterized as child support, the custodial parent receives the income free of any tax liability, while alimony or spousal support is taxed as income to the recipient."). Here, the focus would not be on maintaining the same percentages of after tax cash for living expenses as in the original decree, but on ensuring that any change in the child support award would result in an appropriate offset in the spousal support award in order to maintain the same after-tax effect that the $9,600.00 per year child support award and $9,6000.00 per year spousal support award had on each of the parties' cash available after taxes.

{¶29} Because we conclude that the language at issue is ambiguous and the trial court found otherwise, we must reverse and remand this matter for the trial court to hear additional evidence and resolve the ambiguity. As the amount of child support has not been challenged on appeal, that amount is not subject to revision. Mr. Cook's first assignment of error is sustained to the extent discussed above.

III.

{¶30} Mr. Cook's second assignment of error is overruled in part and the remaining portion is not properly before us at this time. Mr. Cook's first assignment of error is sustained to the extent discussed above. The judgment of the Medina County Court of Common Pleas,

Domestic Relations Division, is affirmed in part, reversed in part, and the matter is remanded for further proceedings consistent with this decision.

Judgment affirmed in part,<br>
reversed in part,<br>
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

DONNA J. CARR
FOR THE COURT

TEODOSIO, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

ADAM J. THURMAN, Attorney at Law, for Appellant.

STEVE C. BAILEY, Attorney at Law, for Appellee.