[Cite as *McCormick v. McCormick*, 2022-Ohio-3543.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

JOSHUA MCCORMICK

    Appellee

    v.

LYDIA MCCORMICK

    Appellant

C.A. No.     30182

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     DR-2012-10-2977

DECISION AND JOURNAL ENTRY

Dated: October 5, 2022

CALLAHAN, Judge.

{¶1} Appellant, Lydia McCormick, appeals an order of the Summit County Court of Common Pleas, Domestic Relations Division. This Court affirms in part and reverses in part.

I.

{¶2} Lydia McCormick ("Wife") and Joshua McCormick ("Husband") divorced in 2016. Their divorce decree awarded the dependent tax exemptions for their two minor children to Husband and provided that Husband, who is a resident of California, would "pay the cost of transporting the children to and from parenting time." On March 19, 2021, Wife moved the trial court to order Husband to pay $2,614.40 for "mileage, parking and hours spent delivering the children to him for visits[]" that was incurred by Wife apart from the children's airfare, for which Husband paid. Wife also moved the trial court to enter judgment against Husband and in her favor in the amount of COVID-19 stimulus payments that he received for the minor children and to order future stimulus payments to be paid to her as the residential parent.

{¶3}    On June 24, 2021, a magistrate determined that because the divorce decree specifically took Husband's transportation expenses into consideration and accounted for those costs as a monthly expense when calculating spousal support—but did not address Wife's costs—the decree did not require Husband to pay her costs in transporting the children.  With respect to the stimulus payments that Husband received in 2020 and 2021, the magistrate concluded that "[a]s the Divorce Decree is clear that [Husband] is entitled to the federal tax exemptions for the two children, [he] is also entitled to the stimulus money."  The trial court denied the motion with respect to the past stimulus money and transportation costs and entered judgment on the magistrate's decision pursuant to Civ.R. 53(D)(4)(e)(i).  Wife filed objections, arguing that the language of the decree was unambiguous and therefore not subject to interpretation and that the magistrate's conclusion regarding the stimulus money was inequitable given the disparity in the parties' income and their relative amount of parenting time.

{¶4}    The trial court overruled Wife's objections on November 1, 2021, rejecting her argument regarding the transportation expenses for the same reason that the magistrate did so.  With respect to the stimulus funds, the trial court emphasized that the decree awarded the tax dependency exemptions to Husband and reasoned that the relevant federal statutes required payment of the stimulus funds to the parent who had claimed the children as a dependent.  The trial court also concluded that even if it was inequitable for Husband to retain the stimulus funds, it could not award funds in contravention of the decree, which awarded the tax dependency exemptions to Husband.

{¶5}    Wife appealed, raising two assignments of error.

II.

## ASSIGNMENT OF ERROR NO. 1

[WIFE] STATES THAT THE TRIAL COURT ERRED WHEN IT FAILED TO SUSTAIN [WIFE'S] OBJECTION TO THE [MAGISTRATE'S] DECISION REGARDING THE AWARD OF STIMULUS MONEY TO [HUSBAND].

{¶6} In her first assignment of error, Wife argues that the trial court erred by denying her motion for a judgment awarding the stimulus money received by Husband in 2020 and 2021 to her. This Court agrees in part.

{¶7} This Court generally reviews a trial court's action with respect to a magistrate's decision for an abuse of discretion. *Fields v. Cloyd*, 9th Dist. Summit No. 24150, 2008-Ohio-5232, ¶ 9. "In so doing, we consider the trial court's action with reference to the nature of the underlying matter." *Tabatabai v. Tabatabai*, 9th Dist. Medina No. 08CA0049-M, 2009-Ohio-3139, ¶ 18. Wife's first assignment of error presents a question of law, which this Court considers de novo. *See generally Patterson v. Am. Family Ins. Co.*, 9th Dist. Medina Nos. 20CA0075-M, 20CA0078-M, 2021-Ohio-3449, ¶ 23.

{¶8} As an initial matter, Wife maintains that the trial court erred by analyzing her objections to the magistrate's decision with reference to the federal statutes at issue sua sponte. This Court cannot agree. When a party files objections to a magistrate's decision, the trial court must "undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(d). *See also Lakota v. Lakota*, 9th Dist. Medina No. 10CA0122-M, 2012-Ohio-2555, ¶ 14. Given that the trial court was obligated to independently review the magistrate's application of the relevant law, this Court cannot agree that the trial court erred by considering the statutes that relate to Wife's position.

**{¶9}** 26 U.S.C. 6428(a) provides, with respect to the 2020 tax credits, that "[i]n the case of an eligible individual, there shall be allowed as a credit against the tax imposed * * * for the first taxable year beginning in 2020 an amount equal to the sum of * * * (1) $1,200 * * * plus (2) an amount equal to the product of $500 multiplied by the number of qualifying children (within the meaning of section 24(c)) of the taxpayer." A "qualifying child" is defined as "a qualifying child of the taxpayer * * * who has not attained age 17." 26 U.S.C. 24(c). 26 U.S.C. 152(c)(2) also explains that a "qualifying child" includes "a child of the taxpayer[.]" 26 U.S.C. 152(c)(1)(B) limits that definition to those "who ha[ve] the same principal place of abode as the taxpayer for more than one-half of such taxable year[.]" In the case of divorced parents, however, the statute provides a different standard for determining whether a child is a qualifying child of a noncustodial taxpayer. *See* 26 U.S.C. 152(e)(1)/(2). These provisions also apply with respect to additional stimulus payments in 2020 and 2021. *See* 26 U.S.C. 6428A(a)(2); 26 U.S.C. 6428B(e)(1).

**{¶10}** The trial court correctly looked to the relevant federal statutes in resolving the question of who should receive the stimulus payments for 2020 and 2021. Nonetheless, it did so without resolving the threshold issue addressed above: whether the children were "qualified child[ren] of the taxpayer" with respect to Husband and, instead, presuming that to be the case. This Court declines to consider this question in the first instance, and Wife's assignment of error is sustained solely on that basis. The remaining arguments in support of Wife's first assignment of error are premature.

**{¶11}** Wife's first assignment of error is sustained.

### ASSIGNMENT OF ERROR NO. 2

[WIFE] STATES THAT THE TRIAL COURT ERRED WHEN IT FAILED TO AWARD TRANSPORTATION EXPENSES TO HER.

**{¶12}** In her second assignment of error, Wife argues that the trial court erred by determining that the divorce decree was ambiguous with respect to the payment of her mileage, parking, and the value of her time spent taking the children to the airport for parenting time with Husband. This Court does not agree.

**{¶13}** When a divorce decree is ambiguous, the trial court retains jurisdiction to interpret the decree. *Collette v. Collette*, 9th Dist. Summit No. 20423, 2001 WL 986209, *2 (Aug. 22, 2001). "'If there is good faith confusion over the interpretation to be given to a particular clause of a divorce decree, the trial court in enforcing that decree has the power to hear the matter, clarify the confusion, and resolve the dispute.'" *Brubaker v. Brubaker*, 9th Dist. Summit No. 22821, 2006-Ohio-1035, ¶ 10, quoting *Collette* at *2, quoting *Quisenberry v. Quisenberry*, 91 Ohio App.3d 341, 348 (2d Dist.1993). This Court reviews the decision to interpret a divorce decree for an abuse of discretion. *Brubaker* at ¶ 10, citing *Collette* at *2. *See also Taylor v. Taylor*, 10th Dist. Franklin No. 17AP-763, 2018-Ohio-2530, ¶ 10 ("When a decree that contains terms ordered by the trial court and not reached by agreement of the parties, a determination that such a decree is or is not ambiguous will be overturned on appeal only if the trial court abused its discretion.").[1] An abuse of discretion is present when a trial court's decision "'is contrary to law, unreasonable, not supported by evidence, or grossly unsound.'" *Menke v. Menke*, 9th Dist. Summit No. 27330, 2015-Ohio-2507, ¶ 8, quoting *Tretola v. Tretola*, 3d Dist. Logan No. 8-14-24, 2015-Ohio-1999, ¶ 25.

---

[1] *But see Cook v. Cook*, 9th Dist. Medina No. 18CA0042-M, 2020-Ohio-225, ¶ 25. This Court has noted that the decision to interpret a separation agreement, which is interpreted according to the rules of contract construction, is reviewed de novo. *See Salter v. Salter*, 9th Dist. Summit No. 26440, 2013-Ohio-559, ¶ 6; *Galvin* at ¶ 7, 10; *Galbreath v. Galbreath*, 5th Dist. Tuscarawas No. 2014 AP 04 0017, 2015-Ohio-373, ¶ 16. *See generally Miller v. Miller*, 9th Dist. Medina No. 14CA0083-M, 2015-Ohio-5447, ¶ 15; *Collette* at *2.

{¶14} This Court has defined ambiguity in this context as "'the condition of admitting two or more meanings, of being understood in more than one way, or of referring to two or more things at the same time[.]'" (Alteration in original.) *Galvin v. Adkins*, 9th Dist. Lorain No. 08CA009322, 2008-Ohio-3202, ¶ 7, quoting *Robinson v. Beck*, 9th Dist. Summit No. 21094, 2003-Ohio-1286, ¶ 25, quoting *Boulger v. Evans*, 54 Ohio St.2d 371, 378 (1978). In this case, the divorce decree provided that Husband, who has continuously resided in California, would "pay the cost of transporting the children to and from parenting time." The decree did not specify what "cost" consisted of, and it is apparent that while Husband interpreted the term to encompass the cost of airfare for transporting the children from Ohio to California, Wife believed that term to include the incidental expenses that she incurred as well in the form of parking, mileage, and the purported value of her own time. Given the differing interpretations that the parties attached to the language in the decree, the trial court's determination that the language of the decree was ambiguous does not reflect an abuse of discretion.

{¶15} Wife has not argued, in the alternative, that the interpretation given to the language in the decree by the trial court was error. Accordingly, Wife's second assignment of error is overruled.

III.

{¶16} Wife's first assignment of error is sustained in part. Her second assignment of error is overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed in part and reversed in part, and this matter is remanded to the trial court for proceedings consistent with this opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, P. J.
SUTTON, J.
CONCUR.

APPEARANCES:

ALEXANDER R. FOLK, Attorney at Law, for Appellant.

JOHN GREEN, Attorney at Law, for Appellee.